IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EDWINA ROBINS**                                                                           **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 2:19-cv-11-KS-MTP**

**JERRY GARNER, ET AL.**                                                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sonte* upon Plaintiff's failure to prosecute this action and failure to comply with the orders of this Court. For the reasons set forth herein, the undersigned recommends that this action be dismissed without prejudice.

Plaintiff, proceeding *pro se*, filed this action on January 18, 2019. On March 25, 2019, the Court entered an Order [9] dismissing many of the Defendants and directing Plaintiff to serve the remaining Defendants. Pursuant to the Order [9] and Federal Rule of Civil Procedure 4, Plaintiff had until June 24, 2019, to serve the remaining Defendants.[1]

Plaintiff failed to serve any Defendant by June 24, 2019. Instead, on June 27, 2019, Plaintiff filed a Motion [12], requesting that she be granted a ninety-day extension to comply with the Court's Order. Plaintiff explained that she needed additional time to retain counsel. After Plaintiff filed her Motion [12], no counsel entered an appearance on Plaintiff's behalf.

On September 6, 2019, the Court entered an Order [14], granting Plaintiff until October 7, 2019, to serve the Defendants. The Court informed Plaintiff that she must serve Defendants whether of not she is represented by counsel. The Court also informed Plaintiff that "[i]f service is not perfected and proof thereof filed with the Court by October 7, 2019, the case may be

---

[1] The remaining Defendants are Jerry Garner, Carl Griffin, Hank Hogue, Crye-Leike Realtors, Regions Hospital-Merit Health, Beverly Temple, Bobby Bolton, Martha Clark, Cherita Okora, and Tracy Klein.

dismissed without prejudice pursuant to Rule 4(m) and without further notice." To date, Plaintiff has not filed a proof of service. On October 15, 2019, eight days after the deadline for service of process, Plaintiff had summonses issued for three of the remaining Defendants—Jerry Garner, Bobby Bolton, and Judge Carl Griffin.[2] Plaintiff, however, has not requested an extension of the October 7, 2019 deadline for service of process nor has she provided any reason for her failure to serve Defendants on or before October 7, 2019. This action has been pending since January 18, 2019, and to date, Plaintiff has served no Defendant and has only had summonses issued for three of the ten remaining Defendants.

Fed. R. Civ. P. 4(m) states that "[i]f a defendant is not served within 90 days after the compliant is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Additionally, pursuant to Fed. R. Civ. P. 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

---

[2] On October 15, 2019, Plaintiff also filed two Motions [15] [16] stating that she wishes to assert a constitutional challenge against Miss. Code Ann. § 97-3-75. Along with her Motions [15] [16], Plaintiff submitted an affidavit of poverty but does not explain what, if any, relief she seeks as a result of her alleged poverty. Plaintiff paid the filing fee on February 19, 2019.

## RECOMMENDATION

As Plaintiff failed in her obligation to prosecute this action and to comply with the Court's orders, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 16th day of October, 2019.

s/ Michael T. Parker
United States Magistrate Judge
